**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JAMES JOSEPH WISNIEWSKI,   )<br>                                                      )<br>                    Plaintiff,    )<br>                                                      )<br>   vs.                                           )<br>                                                      )<br>SHERIFF STEVEN MUELLER and )<br>MAJOR TED PADGETT,            )<br>                                                      )<br>                    Defendants.  )<br>                                                      ) | No. 2:12-cv-01230-DCN<br><br><br>**ORDER** |

   This matter is before the court on defendants' objections to the Report and Recommendation (R&R) of the magistrate judge. Plaintiff James Joseph Wisniewski, a pretrial detainee, filed a pro se complaint against defendants on May 9, 2012, asserting various violations of his constitutional rights based on defendants' policies pertaining to the inspection and removal of prisoner mail and seeking injunctive relief. Pretrial proceedings were referred to the magistrate judge, who instructed plaintiff as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for your to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . .

Dkt. No. 7 at 3.

   Defendants filed a motion for summary judgment on August 3, 2012. On August 29, 2012, Wisniewski filed a response in opposition, along with a motion to amend/correct his complaint. The magistrate judge issued an R&R on January 2, 2013,

1

recommending that this court grant in part and deny in part defendants' motion for summary judgment and grant plaintiff's motion to amend.

On January 2, 2013, the R&R was mailed to Wisniewski at his address at the Cherokee County Detention Center in Gaffney, South Carolina. Dkt. No. 32. However, the mailing was returned as undeliverable on January 17, 2013. Dkt. No. 36. Per an inmate search, the clerk's office learned that Wisniewski was transferred to Kirkland Correctional Institution and remailed the R&R to that address on January 17, 2013. Dkt. No. 36. A month has now passed and the court has not received objections to the R&R or any other correspondence from Wisniewski. The court received timely objections to the R&R by defendants on January 16, 2013.

Wisniewski asserts violations of his First Amendment rights based on the mail regulations at Cherokee County Detention Center. However, his claims are not ripe for judicial review, as he is no longer incarcerated at Cherokee County. See Owens v. Issac, 487 F.3d 561, 564 (8th Cir. 2007) (noting that claim for injunctive relief arising from prison conditions was rendered moot when inmate was transferred and no longer subject to those conditions); Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) (explaining the "uncontroversial proposition that when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot"); Amador v. Superintendents of Dep't of Corr. Servs., No. 03-0650, 2005 WL 2234050, at *5 (S.D.N.Y. Sept. 13, 2005) ("Generally speaking, once a prisoner is transferred from a prison, his claims relating to conditions at that prison will become moot.").[1]  Moreover, Wisniewski has not advised

---

[1] There is no indication that the mail regulations at Cherokee County are being applied on a state-wide basis. Contra Osterback v. Moore, No. 01-76, 2001 WL 1770092, at *2 (N.D. Fla. Nov. 6,

the court of any change in address, despite the clear notice given by the magistrate judge that he do so.  <u>See</u> Dkt. No. 7 at 3.  For these reasons, the court **FINDS AS MOOT** defendants' motion for summary judgment and plaintiff's motion to amend and **DISMISSES** this case **WITHOUT PREJUDICE**.

    **AND IT IS SO ORDERED**.

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**February 20, 2013**
**Charleston, South Carolina**

---

2001) (noting that plaintiff challenging state prison policies "can expect to be affected by these rules and policies at any institution where he may be housed as the rules are apparently applied on a state-wide basis").